IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03017-LTB-MJW

MERNA J. SCARBOROUGH,

Plaintiff,

v.

STARTEK, INC.,

Defendant.

**RECOMMENDATION THAT ACTION BE DISMISSED AND PLAINTIFF PAY DEFENDANT'S REASONABLE EXPENSES REGARDING THE SETTLEMENT CONFERENCE BASED UPON THE PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO COMPLY WITH COURT ORDERS, AND FAILURE TO PROSECUTE**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Lewis T. Babcock on February 25, 2011. (Docket No. 5).

Pursuant to a Minute Order filed on August 30, 2011 (Docket No. 17), a Settlement Conference was set in this matter for September 27, 2011, at 3:00 p.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Plaintiff, however, failed to appear as directed by this court. Her counsel and defense counsel did appear as directed. At that time, this court found that it was clear and sunny at the time set for the Settlement Conference, and the roads

were clear. Plaintiff did not seek a continuance of the September 27 conference, nor did she even telephone the court at the time set for the conference.

Plaintiff's counsel[1] advised the court that he had sent to the plaintiff, both by certified mail to her last known address and by electronic mail to her last known e-mail address, his motion to withdraw as counsel for plaintiff (Docket No. 14). The certified mail was returned to sender, but there was no indication that his electronic mail was not delivered. He had previously sent electronic mail to that e-mail address, and plaintiff responded. Counsel also unsuccessfully attempted to contact plaintiff by telephone with regard to the settlement conference and also concerning discovery matters over the previous several months. In addition, counsel sent numerous correspondence to the plaintiff via regular mail and electronic mail to plaintiff over the previous several months without success. The last contact his office had with the plaintiff was on June 13, 2011, when plaintiff responded to an e-mail and also spoke with counsel's legal assistant by telephone.

Based upon the foregoing, on September 28, 2011, this court issued an Order to Show Cause directing the plaintiff to appear in person for a Show Cause Hearing on October 20, 2011, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, at which plaintiff would be required to show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 and why other sanctions should not be imposed, including imposition of the defendant's attorney fees and costs and a finding

---

[1]Counsel's motion to withdraw as attorney of record for plaintiff was granted by this court on September 27, 2001. (See Docket No. 18).

3

and order of contempt based upon her failure to appear as ordered by this court for the September 27, 2011, Settlement Conference. A copy of that Order to Show Cause was sent by the court to the plaintiff by regular mail at her last known address and by electronic mail. The copy sent by mail was not returned to the court by the U.S. Postal Service as undeliverable, and the electronic copy was also not returned as undeliverable.

Nevertheless, plaintiff failed to appear as directed for the October 20 Show Cause Hearing. She did not telephone the court at the time set for the hearing or request a continuance. New counsel has not appeared on her behalf. The weather at that time was sunny and clear, and the roads were clear. Defendant and defense counsel were previously excused from attending the Show Cause Hearing.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . .: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated

4

  matters in evidence;

  (iii) striking pleadings in whole or in part;

  (iv) staying further proceedings until the order is obeyed;

  (v) **dismissing the action or proceeding in whole or in part**;

  (vi) rendering a default judgment against the disobedient party; or

  (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

  In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

  Based upon the foregoing, it is hereby

  **RECOMMENDED** that this action be dismissed with prejudice based upon the plaintiff's failure to appear, failure to comply with court orders, and failure to prosecute. It is further recommended that the plaintiff be directed to pay the reasonable expenses,

5

including attorney fees, incurred by the defendant based upon the plaintiff's failure to appear for the September 27, 2011, Settlement Conference.

Dated: October 24, 2011          s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                      United States Magistrate Judge